Caria, per
Butler, J.
The notes or single bills given by the defendant, may have been founded on a very good consideration, notwithstanding Dr. Hale had no good title in himself, and was unable to convey one for his children of the Petersfield tract of land to the defendant and his co-obligor.
It may have been, that he held in his hands papers and muniments of title that were of great importance to the obligors on this bill in securing and establishing their rights to the land, and that they could not have done without such papers. How far they have been benefitted by the transactions with Dr. Hale, does not appear ; whilst Hale may have lost nothing, they may have gained a great deal by the compromise.
It is probable they gave the note with a full understanding of their rights. At least it does not appear that their contract was made in reference to any mistake of the law. It seems rather to have been made to buy out a claim that Hale had asserted to the land, than with any view of acquiring a full legal title from him. It was certainly competent for them to make such a contract; and, as yet, I can see no good reason why they should not abide by it. The defendant is yet in the possession of the land, and for aught that we know may never be evicted or disturbed by a paramount title. He did not shew on the trial, *26 that there was a subsisting, outstanding title that could be set up to his prejudice. Indeed, from what has yet appeared he may have a perfect title in himself, perhaps perfected by this very transaction with Dr. Hale. In a Court oflaw, all seems to be fair. If the defendant has any just cause of complaint, he must apply to another jurisdiction, where, in demanding justice from others, he may be compelled to do justice himself, by accounting for the rents and profits of the land, since he has had it in cultivation.
Motion refused.
Richardson, O’Neall, Rvans and Wardlaw, J J. concurred.